# UNITED STATES DISTRICT COURT
## for the
## Western District of New York

FILED
SEP 10 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address.)*  )
)
The contents of the Dropbox account(s) )
associated with the trckbldr88@gmail.com )
email account as more fully described in )
Attachment A. )
)

Case No. 19-MJ-683

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the Western District of New York *(identify the person or describe property to be searched and give its location)*:   The contents of the Dropbox account(s) associated with the trckbldr88@gmail.com email account as more fully described in Attachment A.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:   See Attachment B for the Evidence to be Seized, all of which are evidence and instrumentalities of violations of Title 18 United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B), and all of which are more fully described in the application and affidavit filed in support of this warrant, the allegations of which are adopted and incorporated by reference as if fully set forth herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    __X__  evidence of a crime;
    __X__  contraband, fruits of crime, or other items illegally possessed;
    __X__  property designed for use, intended for use, or used in committing a crime;
    _____  a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. §§ __2252A(a)(2)(A) and 2252A(a)(5)(B)__, and the application is based on these facts which are continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Barry W. Couch, Special Agent, F.B.I.
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __9/10/19__

_____
*Judge's signature*

City and state: __Rochester, New York__    Jonathan W. Feldman, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

The contents of any and all Dropbox account(s), whether active or deactivated, associated with the trckbldr88@gmail.com email account, stored at premises owned, maintained, controlled, or operated by Dropbox, Inc., a company located at 333 Brannan Street, San Francisco, California 94107.

Note: Notwithstanding 18 U.S.C. Section 2252/2252A or similar statute or code, Dropbox, Inc. shall disclose responsive data by sending it to:

FBI
Special Agent Barry Couch
1200 Scottsville Road Bldg. C Ste. 300
Rochester, NY 14624

# ATTACHMENT B

## ITEMS TO BE SEARCHED FOR AND SEIZED

**I. Information to be Produced and/or Disclosed by Dropbox**

a. A Complete reconstruction of any and all Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include deleted space, trash, and/or cache, as it/they existed on the date of the previously served preservation request dated August 21, 2019.

b. Records of subscriber information, for the Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include subscriber name(s), phone number(s), email account(s), address(es), and forms of payment to include payment name(s), payment institution(s) and payment account number(s), which evidence ownership or use of the Dropbox account(s).

**II. Information to be Searched and Seized by the Government**

a. Images of child pornography and files containing images of child pornography in any form contained in any part of the account(s) to include deleted space, trash, and/or cache;

b. Records or correspondence pertaining to the possession or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, that were transmitted or received using a digital device or some other facility or means of interstate or foreign commerce; and

c. Records of subscriber information, for the Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include subscriber name(s), phone number(s), email account(s), address(es), and forms of payment to include payment name(s), payment institution(s) and payment account number(s), which evidence ownership or use of the Dropbox account(s).

**(Final Version Mag. Payson   5-4-04)**
**ADDENDUM TO SEARCH WARRANT**
**SEARCH OF COMPUTERS**

1. The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2. In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3. Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4. In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5. If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court. The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6. Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7. Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.

# AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

STATE OF NEW YORK    )
COUNTY OF MONROE  )    SS:
CITY OF ROCHESTER  )

I, BARRY W. COUCH, being duly sworn, depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so for approximately ten years. I am currently assigned to the Buffalo Division, Rochester, New York, Resident Agency. My duties involve investigating federal crimes including violations of Title 18, United States Code, Section 2252A.

2. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers, and the review of documents and records. This affidavit is made in support of an application for a warrant to search the contents of the Dropbox account(s) associated with the trckbldr88@gmail.com email account (hereinafter the "SUBJECT ACCOUNT(S)").

3. As is set forth in more detail below, there is probable cause to believe that evidence, contraband, fruits and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2)(A) (distribution of child pornography) and Title 18, United States Code, Section 2252A(a)(5)(B) (possession of child pornography) are located within the SUBJECT ACCOUNT(S).

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a search warrant, I have not included every detail of the investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause to

believe that evidence of violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B) is presently located in the SUBJECT ACCOUNT(S). Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part.

## BACKGROUND OF INVESTIGATION

5. In or around February 2019, the administrator of a certain online application notified Homeland Security Investigations (HSI) that, on or about February 17, 2019, a user of the application named "trckbldr88__mmz" distributed an image of suspected child exploitation using the application's chat messenger service.

6. The application administrator further notified HSI that "trckbldr88__mmz" was using IP address 69.207.134.216 when he/she distributed the image.

7. In July 2019, HSI notified the FBI's Child Exploitation Task Force in Rochester, New York, of the above situation.

8. I have reviewed the image that was distributed by "trckbldr88__mmz." It is a picture showing a prepubescent girl, naked below the chest, spreading her legs apart, exposing her vagina and anus. Based upon your affiant's training and experience in the investigation of child pornography cases, this picture constitutes child pornography, as defined by Title 18, United States Code, Section 2256(8).

9. The online application referenced herein is available throughout the world and can be used on either a computer or cell phone.

10.    A subpoena return from Charter Communications revealed the subscriber of IP address 69.207.134.216 on February 17, 2019, was:

> Cynthia Masetta
> 25 McNair Drive
> Rochester, New York 14624

11.    On July 23, 2019, I conducted physical surveillance at 25 McNair Drive. I observed a black Chevrolet sedan bearing New York license plate B293VJ parked in the driveway of the residence. A check of New York State Department of Motor Vehicle records showed the vehicle to be registered to Cynthia Masetta at 25 McNair Drive, Rochester, New York 14624.

12.    On or about August 15, 2019, HSI Special Agent Ryan Green and I spoke to Matthew MASETTA, outside his 25 McNair Drive, Rochester, New York 14624 residence. This conversation occurred prior to the execution of a federal search warrant at the residence later that same day.

13.    MASETTA acknowledged the "trckbldr88" account was his account. MASETTA was shown the picture referred to in Paragraph 8, above, and stated that he remembered the picture and that it had been in his phone for a long time, but he did not know where he had gotten the picture from. MASETTA said others had sent him pictures in the past. When asked if he would agree to get counseling for his struggle with child pornography, MASETTA responded, "I got over the whole thing." When asked what got him looking at the child pornography, MASETTA stated, "I don't know." MASETTA acknowledged he knew child pornography was illegal and he apologized. When asked when he started looking into the child pornography, MASETTA stated, "Maybe a year or so." When talking about where he

3

would get the child pornography, MASETTA explained how he would get onto a certain online application and talk to random people about trading things back and forth. MASETTA further stated he "got rid of 99.9% of everything." When asked, MASETTA indicated he was looking at child pornography of children as young as seven to nine years old. When asked, MASETTA communicated the child pornography activity occurred on his phone. When asked if he would show us his phone, MASETTA pulled a cell phone out of his pocket. When asked, MASETTA acknowledged the phone was the phone he used for the activity being discussed. We seized that phone. After speaking with MASETTA and seizing his phone, we executed a federal search warrant at his 25 McNair Drive residence.

14.     On August 16, 2019, I obtained a federal search warrant to search the contents of the phone referenced above in Paragraph 13, above. Later that same day, I executed the search warrant by conducting an extraction of the contents of the phone and going through contents of the phone manually. I observed a "Secure Folder" in the phone. Within the Secure Folder, I observed several icons for various applications. One of those applications was Dropbox. When I clicked on the Dropbox icon, I observed several folder thumbnails with at least one appearing to me to be of pornography. I clicked on a folder thumbnail I believed to be of pornography and the account appeared locked and not accessible. I clicked on a logon button within the Dropbox application and a Sign In screen appeared showing an apparent Username of trckbldr88@gmail.com for the Dropbox account. A password was needed to enter the account.

15.     On August 21, 2019, MASETTA was interviewed by FBI Special Agent Mick Yerdon. During that interview, when asked about underage images he had, MASETTA said he had saved images in Dropbox, and that approximately 100 of the images were of children as

4

young as age four to eight, and maybe as young as infants or toddlers. Matthew said he had gotten rid of everything by deactivating his Dropbox account after the FBI had executed the search warrant at his home referenced in Paragraph 13, above.

16. Dropbox is an online storage business headquartered in San Francisco, California. Subscribers can pay for accounts, that they can access on their digital devices, and store files, to include images and videos, in the accounts.

17. On or about August 27, 2019, I obtained a federal search warrant to search the contents of any Dropbox account(s) associated with the trckbldr88@gmail.com email account. Later that same day, I served the search warrant on Dropbox. On or about September 5, 2019, I received a response from Dropbox that read as follows:

> Your warrant requests (a.) Images of child pornography and files containing child pornography in any form contained in any part of the account(s), to include deleted space, trash, and/or cache. (b.) Records or correspondence pertaining to the possession or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. 2256, that were transmitted or received using a digital device or some other facility or means of interstate or foreign commerce. As a technical matter, Dropbox is unable to filter the content of a Dropbox account by file type. Dropbox cannot produce content in response to warrants that request any form of account content other than a complete reconstruction of a Dropbox account as it exists on the date of warrant service or a previously served preservation request. In order to produce content, we require an amended warrant.

18. In accordance with Dropbox's procedures, set forth above, your affiant requests a revised warrant that specifies in Attachment B that the government is requesting "A Complete reconstruction of the Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include deleted space, trash, and/or cache, as it existed on the date of the previously served preservation request dated August 21, 2019, and Records of subscriber

information, for the Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include subscriber name(s), phone number(s), email account(s), address(es), and forms of payment to include payment name(s), payment institution(s) and payment account number(s), which evidence ownership or use of the Dropbox account(s)."

19. However, in reviewing any content received from Dropbox in response to the revised search warrant, your affiant will follow review procedures that limit his search to the following:

   a. Images of child pornography and files containing images of child pornography in any form contained in any part of the account(s), to include deleted space, trash, and/or cache;

   b. Records or correspondence pertaining to the possession or distribution of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256, that were transmitted or received using a digital device or some other facility or means of interstate or foreign commerce; and

   c. Records of subscriber information, for the Dropbox account(s) associated with the trckbldr88@gmail.com email account, to include subscriber name(s), phone number(s), email account(s), address(es), and forms of payment to include payment name(s), payment institution(s) and payment account number(s), which evidence ownership or use of the Dropbox account(s).

## TRAINING AND EXPERIENCE

20. Based upon my knowledge, experience, and training in child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the distribution and possession of child pornography:

a.  Those who receive and attempt to receive child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.  Those who distribute and possess child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videos, books, slides and/or drawings or other visual media. Such individuals often use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual act.

c.  Those who distribute and possess child pornography often possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, videos, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. These individuals sometimes retain pictures, films, videos, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, and child erotica for many years.

d.  Likewise, those who distribute and possess child pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer, or other digital device, and surrounding area. These collections are often maintained for several years and are kept close by, to enable the collector to view the collection, which is valued highly. In many cases, the individual may try to hide the collection or may use a computer, such as a laptop, that can easily be transported from one location to another, in order to keep his collection private and not make it known to other individuals he or she may be residing with.

e.  Those who distribute and possess child pornography also may correspond with and/or meet others to share information and materials; often maintain correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of individuals with whom they have been in contact and who share the same interests in child pornography.

f.  Those who distribute and possess child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

g.  Files of child pornography stored on digital devices, such as thumb drives, can sometimes be viewed by law enforcement even after having been deleted.

7

h.  Files of child pornography stored on digital devices are often copied onto other digital storage media, such as thumb drives, computers, or external hard drives, by those engaged with the child pornography activity.

## CONCLUSION

21. Based upon the forgoing, the undersigned respectfully submits that there is probable cause to believe that evidence, fruits and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2)(A) and Title 18, United States Code, Section 2252A(a)(5)(B), as specifically described in Attachment B to this application, are presently located within the SUBJECT ACCOUNT(S). The undersigned therefore respectfully requests that the attached warrant be issued authorizing a search and seizure for the items listed in Attachment B within the SUBJECT ACCOUNT(S), more particularly described in Attachment A to this application.

BARRY W. COUCH
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn before me
this 10 day of September, 2019.

HON. JONATHAN W. FELDMAN
United States Magistrate Judge